ATTORNEY DISCIPLINARY PROCEEDINGS
|1PER CURIAM. *
This matter arises from three sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Barry E. Edwards, a Shreveport attorney who is currently on interim suspension.[1] The formal charges allege *802 respondent violated Rules 1.3 (lack of diligence), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15 (safekeeping property of a client or third person), 1.16(d) (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct, and Supreme Court Rule XIX, §§ 9(c) (failure to respond to a lawful demand for information from a disciplinary authority) and 19(B) (conviction of a serious crime reflecting upon the attorney’s moral fitness to practice law).
FORMAL CHARGES
94-DB-036
In March 1994, Darryl Gillard filed a complaint against respondent with the ODC. The ODC twice asked respondent to reply to the complaint, but he failed to do so. On August 16, R1994, respondent was personally served with a subpoena to appear before the ODC and to produce his files in the Gillard matter. Respondent failed to appear or to provide the requested documents.
95-DB-033

Count I

On July 15, 1994, respondent was personally served with a subpoena to appear before the ODC to testify in the investigation of a complaint filed by Mary Drayden. Respondent failed to appear at the appointed time. On May 27, 1995, respondent was served by certified mail at his home address with another copy of the Drayden complaint. Respondent failed to reply.

Count II

On July 14, 1994, respondent was personally served with a subpoena to appear before the ODC to testify in the investigation of a complaint filed by Kenneth Glover. Respondent failed to appear at the appointed time. On May 27, 1995, respondent was served by certified mail at his home address with another copy of the Glover complaint. Respondent failed to reply.
97-DB-042

Count I

On February 7, 1997, in the 26th Judicial District Court, Parish of Bossier, respondent entered a plea of guilty to one count of possession of cocaine, a violation of La. R.S. 40:967(C).[2] Pursuant to his guilty plea, respondent was convicted and sentenced to five years at hard labor, suspended, conditioned upon five years active supervised probation with special conditions.

Count II

|sIn April 1996, Sharon Johnson retained respondent to represent her brother, Willie Johnson, in a criminal matter. Respondent did little or no work on his client’s behalf and failed to appear for any court appearances.

Count III

In July 1996, Alice Faye Sims retained respondent to obtain a bond reduction for *803 her son, Melvin E. Sims, Jr. Mrs. Sims paid respondent a fee of $750. Respondent did little or no work on his Ghent’s behalf and failed to diligently pursue the bond reduction. Moreover, respondent promised he would return the fee Mrs. Sims had paid, but he failed to do so.

Count TV

The ODC received a complaint against respondent from Sharon Johnson and twice asked respondent to reply to the complaint. Respondent failed to do so.
The ODC received a complaint against respondent from Alice Faye Sims. Respondent refused to claim the certified mail. On October 2, 1996, another copy of the Sims complaint was sent to respondent’s Rule XIX address. Respondent failed to reply.
On November 21, 1996, respondent was personally served by special process server with a subpoena to appear before the ODC to testify in the investigation of the Johnson and Sims complaints. Respondent failed to appear at the appointed time.

Count V

On October 28, 1993, respondent was arrested by the Bossier City Police Department. When respondent was searched, the police found 1 ⅛ blue pills and 1 green pill on his person. Laboratory tests revealed the pills to be controlled substances. Respondent was subsequently charged with one count of possession of a Schedule III controlled dangerous substance (hydrocodone), a violation of La. R.S. 40:968(C), and one count of possession of a Schedule IV controlled dangerous substance (diazepam), a violation of La. R.S. 40:969(C). The Bossier Parish District Attorney did not prosecute these charges in exchange for respondent’s plea of guilty to one count of possession of cocaine (see Count I of 97-DB-042). However, the ODC alleged respondent’s ^possession of two controlled dangerous substances constituted criminal conduct in violation of Rules 8.4(a)(b)(c)(d) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
After its investigation was completed, the ODC instituted three sets of formal charges against respondent. He failed to file an answer to the formal charges in 94-DB-036 and 95-DB-033; as a result, no formal hearings were held in these matters, but the parties were allowed to present documentary evidence on the issue of sanctions.
Respondent filed an answer to the formal charges in 97-DB-042 and generally denied the allegations against him. A formal hearing was held before the hearing committee.[3] The ODC submitted documentary evidence and witness testimony in support of the formal charges, and sought the imposition of disbarment.

Hearing Committee Recommendation

After evaluating the credibility of the witnesses and reviewing all the evidence introduced, the committee concluded respondent was convicted of a felony, namely possession of cocaine, accepted a fee and failed to either perform legal services or refund the fee, failed to respond to a subpoena, and failed to cooperate with the ODC in its investigation. Accordingly, as to Counts I, III, and IV, the committee determined the ODC proved by clear and convincing evidence that respondent violated the professional rules as charged. However, as to Count II, the committee accepted as true respondent’s testimony that he was paid a general retainer fee in the Johnson matter, that he gave advice to the client, and that the client was able to *804 structure a plea agreement based upon his advice. Accordingly, the committee recommended those charges be dismissed. As to Count V (possession of hydrocodone and diazepam at the time of his arrest for possession of cocaine), the committee stated:
|BThe Committee felt that the case of Disciplinary Counsel was rather weak on this particular count and that it should be dismissed on the grounds of lack of evidence. The Committee notes that Count V does not ever claim that there was a conviction on these controlled dangerous substances because there was never a conviction. Count V states that possession of these controlled substances is criminal conduct, but since Edwards has indicated that he was in possession for [a] reason that would allow him to be in possession of these substances, then the Committee feels that the Count has not been satisfactorily proven and should be dismissed.
The committee concluded respondent violated duties owed to his clients, the profession, the public, and the disciplinary system, and that respondent’s conduct was knowing and intentional.
Referring to the ABA’s Standards for Imposing Lawyer Sanctions, the committee found Standard 4.41 suggests disbarment is an appropriate sanction when a lawyer knowingly fails to perform services for a client and causes serious injury or potentially serious injury to a client; Standard 4.61 suggests that disbarment is appropriate when a lawyer knowingly deceives a client; Standard 5.12 suggests that suspension is appropriate when a lawyer engages in serious criminal- conduct that reflects adversely upon the lawyer’s fitness to practice; Standard 6.21 suggests that disbarment is appropriate when a lawyer knowingly violates a court rule and causes serious interference or potentially serious interference with a legal proceeding; and Standard 7.1 suggests that disbarment is appropriate when a lawyer knowingly engages in conduct that is a violation of the duty owed to the profession with the intent to obtain a benefit for the lawyer, and causes serious injury or potentially serious injury to a client, the public, or the legal system.
With respect to aggravating factors, the hearing committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, failure to cooperate in the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The only mitigating factor noted by the committee was the absence of a prior disciplinary record.
In light of respondent’s misconduct and his lack of remorse throughout these proceedings, the committee recommended respondent be suspended from the practice of law for Ifithree years, retroactive to the date of his interim suspension, followed by two years of supervised probation with conditions.[4]
The ODC objected to the committee’s findings concerning Counts II and V, and objected to the recommended sanction as too lenient. Respondent objected to the committee’s findings concerning Counts I, *805 III, and IV, and objected to the recommended sanction as too harsh.

Disciplinary Board Recommendation

The board concurred in the findings of the hearing committee that respondent is guilty of the misconduct set forth in the formal charges, and that the charges were proven by clear and convincing evidence. The board determined respondent violated duties owed to his clients, the legal system, the profession, and the public, and that respondent engaged in knowing and intentional misconduct. As aggravating factors, the board found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law. The only mitigating factor noted by the board was the absence of a prior disciplinary record.
The board concluded:
In addition to the three counts for which Respondent has been found guilty, there is also the Board’s previous recommendation that must be considered when recommending an appropriate sanction. The Board is concerned with Respondent’s total failure to cooperate with the Office of Disciplinary Counsel, as well as his conviction for possession of cocaine. Based on Standards § 5.12, the Board finds |7that suspension is the baseline sanction and adopts the recommendation of the Hearing Committee, with one modification.[5]
Accordingly, for the misconduct charged in 97-DB-042, 94-DB-036, and 95-DB-038, the board recommended that respondent be suspended from the practice of law for three years, retroactive to the date of his interim suspension, followed by two years of supervised probation with conditions.[6] The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of this court’s judgment until paid.
Both respondent and the ODC filed an objection in this court to the disciplinary board’s recommendation, and the matter was set on the court’s docket for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Based on our review of the record, we find a three year suspension, followed by two years of supervised probation,- as recommended by the disciplinary board is appropriate under the facts and is consistent trith the sanctions imposed by this court in similar cases. However, we conclude the conditions of probation recommended by the hearing committee and disciplinary board do not adequately address the issue of respondent’s past substance abuse problems. While we recognize respondent successfully completed the terms of probation imposed in connection with his criminal conviction for possession of cocaine, we feel some additional safeguards are necessary to | «ensure that respondent avoids such problems in the future and does not represent a danger to his clients or to the public.
Accordingly, we will amend the conditions of probation to provide that during the period of probation, respondent shall refrain from any activity involving illegal drugs, and be required to enroll in the Lawyer’s Assistance Program, execute an *806 appropriate monitoring contract, and fully participate in this program. Additionally, we will provide that a violation of the conditions of probation by respondent shall constitute an independent disciplinary violation, and will be grounds for the filing of new formal charges. Subject to these modifications, the recommendation of the disciplinary board will be accepted.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Barry E. Edwards be suspended from the practice of law for a period of three years, retroactive to the date of his interim suspension, followed by a two-year period of supervised probation, subject to the following conditions:
1. During the period of probation, respondent shall be required to enroll in the Lawyer’s Assistance Program, execute an appropriate monitoring contract, and fully participate in this program;
2. Respondent shall refrain from any activity involving illegal drugs;
3. During the period of probation, a practice monitor shall be appointed to periodically review respondent’s client files to assure that he is promptly and timely handling client matters;
4. Any violation of these conditions will constitute an independent disciplinary violation and will be grounds for the filing of new formal charges.
All costs and expenses in this matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., dissents and would impose more severe sanctions.

 Lemmon, J., not on panel. Rule IV, Part II, § 3.

. On June 13, 1997, this court placed respondent on interim suspension in connection with his conviction of a felony and ordered that necessary disciplinary proceedings be instituted (see Count I of 97-DB-042). In re: Edwards, 91-0624 (La.6/13/97), 695 So.2d 1325.

. The guilty plea arose out of respondent’s October 28, 1993 arrest by the Bossier City Police Department. During a traffic stop, a police officer saw a pistol visible beneath the driver's seat of respondent’s car; upon further searching, the officer discovered two clear bags underneath the seat containing 5.8 grams of cocaine. Respondent was arrested and booked with possession of cocaine with intent to distribute. The charge was later reduced to simple possession as part of a plea agreement.

. In the interest of avoiding piecemeal discipline, this court ordered the hearing committee to formulate a recommendation for a single sanction for the misconduct charged in 97-DB-042, 94-DB-036, and 95-DB-033. In re: Edwards, 97-0914 (La.9/26/97), 701 So.2d 966. In 94-DB-036 and 95-DB-033, the hearing committee had previously found that respondent failed to cooperate with the ODC in its investigation by failing to respond to three disciplinary subpoenas. That finding was not at issue in 97-DB-042.

. The committee recommended the following conditions:
1. Edwards must pay all costs of all of the disciplinary proceedings which have been brought against him before he can reenter the practice of law.
2. Edwards must reimburse Alice Faye Sims the $750.00 fee he took from her before he can re-enter the practice of law.
3. During the period of probation, in the event that he receives any notices from the Disciplinary Board, he must respond timely. The failure to respond timely will be grounds for further suspension from the practice of law.
4. During the period of probation, if Edwards is found guilty of misconduct warranting discipline, as set forth in Rule XIX Section 9, this Committee feels that disbarment would be the appropriate sanction.

. The board noted:
At oral argument, Respondent provided proof that he had paid restitution to Alice Faye Sims in the amount of $750. This was the second condition proposed by the Hearing Committee for Respondent’s supervised probation.

. The board recommended the following conditions:
1. Pay all costs and expenses of the proceedings before reinstatement.
2. Have a practice monitor periodically review Respondent's client files to assure that he is promptly and timely handling client matters.
3. Promptly respond to all notices from the Office of Disciplinary Counsel and/or the Disciplinary Board.